UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ROBERTA BROWN-ADJAMI,

                        Plaintiff(s),          **ORDER**
                                                            CV 04-3295 (BMC) (WDW)
      -against-

BIRCHES LAKE LLC, et al.,

                        Defendant(s).
----------------------------------------------------------X
**WALL, Magistrate Judge:**

      By order dated July 17, 2006, the undersigned indicated that the court would "consider a defense motion for attorneys' fees and costs that defendants may have incurred due to plaintiff's counsel's conduct in this matter." *See* Order, Docket Entry [18]. Defendants have made such a motion, and seek $1,458.00 in fees. [20]. Plaintiff requests that the motion be denied or, alternatively, that the award be limited to $750.00. [21]. Defendants' motion is Granted.

      Familiarity with this case's history and the previous orders of this court regarding the conduct of this litigation is presumed. *See* Order dated April 14, 2005 [6]; Order dated September 30, 2005 [9]; and Order dated July 17, 2006 [18]. Plaintiff's counsel correctly notes that "some delay in litigation is normal." It is <u>not</u> normal, however, for counsel to knowingly allow his adversary, over the course of a year and a half, to incur costs attending conferences and preparing motions in a case where plaintiff's counsel had no intention of participating. Fees and costs are not being awarded for normal delays, but rather for those incurred due to plaintiff's counsel's conduct as outlined in the July 17th Order.

      When fixing a reasonable rate for attorneys' fees, it is appropriate for a court to consider and apply the prevailing market rates in the relevant community for similar legal work of lawyers of reasonable comparable skill, experience, and reputation. *See American Cablevision of Queens v. McGinn,* 877 F. Supp. 317, 320 (E.D.N.Y. 1993). A party seeking an award of attorneys' fees must support that request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983). The court finds that the evidence submitted by defendants adequately supports the motion for reasonable attorneys' fees.

      Defendants' motion seeks an award of fees incurred by attorney Jeoungson Kim. Plaintiff does not challenge Mr. Kim's billing rate of $135.00 per hour, and the court finds the rate to be reasonable. As to the amount of fees sought, defendants, as directed by the court, have limited their application to fees incurred due to plaintiff's counsel's conduct. The court disagrees with plaintiff's characterization of the amount sought as "unjust." To the contrary, defendants have not sought recovery of fees that could have arguably been included, such as their costs for

attending the April 14, 2004 initial conference at which plaintiff's counsel failed to appear. Defendants' motion is granted, and defendants are awarded **$1,458.00** in attorneys' fees, payable by plaintiff's counsel.[1]

Dated: Central Islip, New York  
       December 8, 2006

**SO ORDERED:**

/s/ William D. Wall  
WILLIAM D. WALL  
United States Magistrate Judge

---

[1] The court notes that defendants were previously awarded $200.00 in reasonable costs and attorneys' fees in connection with an earlier defense motion. *See* Order dated 9/30/05, [9]. There is no indication in the record, however, as to whether defendants received that award. Since the recovery sought by the instant motion duplicates some of those costs, the award herein shall be reduced to $1,248.00 if payment of the previous sanction has been made.